

**FILED**

**MAR 16 2012**

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| CURTIS ARLEN NESSAN, | * | CIV 11-3008-RAL |
| | * | |
| Appellant, | * | OPINION AND ORDER |
| | * | AFFIRMING BANKRUPTCY |
| | * | COURT DECISION |
| vs. | * | |
| | * | |
| JOHN S. LOVALD, | * | |
| | * | |
| Appellee. | * | |

This is an appeal by Curtis Arlen Nessan ("Nessan"), a Chapter 7 Bankruptcy Debtor, from a decision by the Honorable Bankruptcy Judge Charles L. Nail, Jr. Nessan contends that the bankruptcy court erred in ordering a turnover of a 2002 Chevrolet pickup, a 2000 Triton boat, a 175-horse mercury motor, a Triton trailer, and a claim against AIG insurance company. For the reasons explained below, this Court affirms the ruling of the bankruptcy court.

**I. FACTS**

On November 8, 2010, Nessan filed a Chapter 7 Bankruptcy. Nessan scheduled as an asset a 2002 Chevrolet pickup, a 2000 Triton boat, a 175-horse mercury motor, and a Triton trailer. The pickup, boat, motor, and trailer serve as security for a loan from BankWest. At the time it financed Nessan's acquisition of the pickup, boat, motor, and trailer, BankWest sold Nessan a disability credit insurance policy, issued by AIG. Nessan paid BankWest for the coverage. At some point thereafter, Nessan was injured at work and became permanently disabled. Nessan submitted a proof of loss in accordance with the AIG disability credit policy, which provides that AIG will make a monthly payment of $725.00 directly to BankWest. AIG has discontinued payments under the policy and

1

contends that Nessan must file a monthly application for disability benefits. The terms of the AIG disability credit policy neither require a monthly application nor allow AIG to condition payment on a monthly application. Nessan intends to sue AIG for specific performance of the contract and damages for bad faith refusal to pay.

In Schedule C of his bankruptcy petition, Nessan claimed as exempt under SDCL § 43-45-4 his pickup, boat, motor, and trailer. Nessan believes that the fair market value of the pickup is $8,000, and that the fair market value of the boat, motor, and trailer is $7,500. In the "value of claimed exemption" column of his Schedule C, Nessan listed $1.00 in the pickup and $1.00 in the boat, motor, and trailer. Doc. 17-1. At the time he filed bankruptcy, Nessan's debt to BankWest exceeded the value of the pickup, boat, motor, and trailer. Nessan also claimed as exempt his "claim against AIG and BankWest for insurance bad faith." Id. In regard to his claim against AIG, Nessan listed both the "value of the claimed exemption" and the "current value of property without deducting exemptions" as $1.00. Id.

On January 7, 2011, Trustee Lovald filed an objection to Nessan's exemption of the claim against AIG and moved for turnover of "[a]ll asset equity created by the application of AIG insurance policy payments upon the secured loan at BankWest." Doc. 16-1 at 4. On February 10, 2010, the bankruptcy court ruled that any amount recovered on Nessan's potential claim against AIG above the $1.00 Nessan claimed as exempt was property of the bankruptcy estate. Doc. 16-1 at 6. Based on this ruling, Trustee Lovald sent Nessan's attorney a letter instructing Nessan to turn over his pickup, boat, motor, and trailer to BankWest. Doc. 16-1 at 7. The letter contained a check for $3.00 to pay Nessan the value of his claimed exemptions in the pickup, boat, motor, trailer, and claim against AIG. Doc. 16-1 at 7.

Nessan and his attorney refused to turn over the property, indicating that they believed the property was exempt and that the bankruptcy court's February 10, 2010 order did not support Trustee Lovald's position. Doc. 16-1 at 10-11. Trustee Lovald filed a motion for clarification of the bankruptcy court's February 10 order and for turn over of the pickup, boat, motor, and trailer. Doc. 16-1 at 12-13. On April 7, 2011, the bankruptcy court granted Trustee Lovald's motion and ordered Nessan to turn over the pickup, boat, motor, trailer, and AIG-related cause of action. Doc. 16-1 at 16. The bankruptcy court directed Trustee Lovald to pay Nessan $3.00 for Nessan's claimed exempt interest in the property. Trustee Lovald had paid $3.00 when requesting that the items at issue be turned over. This appeal followed.

## II. STANDARD OF REVIEW

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." Knudsen v. I.R.S., 581 F.3d 696, 704 (8th Cir. 2009) (citation omitted). "Whether property is included in the bankruptcy estate is a question of law." In re Parsons, 280 F.3d 1185, 1188 (8th Cir. 2002).

## III. DISCUSSION

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate." Schwab v. Reilly, 130 S. Ct. 2652, 2657 (2010). The federal Bankruptcy Code allows a debtor to withdraw property from the bankruptcy estate (and thus from his creditors) by claiming an exemption. Owen v. Owen, 500 U.S. 305, 308 (1991). Section 522(d) of the Code lists categories of property that may be exempted by a Chapter 7 debtor. "The general rule under the Bankruptcy Code is that a debtor is permitted to choose between the scheme of federal

3

exemptions prescribed in § 522(d) of the Code or the exemptions available under other federal law and the law of the state in which the debtor is domiciled." 14 Collier on Bankruptcy Intro-2 (15th ed. rev. 2006).

A state has the ability to "opt out" of the exemptions set forth in § 522(d), however. 11 U.S.C. § 522(b)(2). "In that case, the debtor may exempt only property that is exempt under federal law other than § 522(d), or state or local law that is applicable as of the date of the bankruptcy filing." In re Benn, 491 F.3d 811, 813 (8th Cir. 2007); see also Owen, 500 U.S. at 308 ("If a State opts out, then its debtors are limited to exemptions provided by state law."). South Dakota has joined the majority of states in opting out of the Bankruptcy Code's exemptions. See SDCL § 43-45-13. South Dakota Codified Law 43-45-13 provides:

> In accordance with the provisions of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize. Nothing herein affects the exemptions given to residents of this state by the State Constitution and the South Dakota statutes.

Id. This Court, therefore, looks to South Dakota law to determine the scope of Nessan's exemptions. See Hanson v. First Nat'l Bank in Brookings, 848 F.2d 866, 868 (8th Cir. 1988).

Nessan relied on SDCL § 43-45-4 in claiming as exempt the pickup, boat, motor, trailer, and claim against AIG. South Dakota Codified Law 43-45-4 states:

> In addition to the property provided for in § 43-45-2 and 43-45-3, the debtor, if the head of a family, may, personally, or by agent or attorney, select from all other of the debtor's personal property, not absolutely exempt, goods, chattels, merchandise, money, or other personal property not to exceed in the aggregate six thousand dollars in value; and, if not the head of a family, property as aforesaid of the value of four thousand dollars, which is also exempt, and which shall

4

be chosen and appraised as provided by law.

Id.

Nessan framed the issue presented as "Whether a debtor claiming exemption under the laws of South Dakota is entitled to retain exempt property." Doc. 16 at 4. Nessan argues that when a debtor in South Dakota claims a specific item of property as exempt, the debtor is entitled to retain that specific property, rather than just an interest in the property. The plain language of SDCL § 43-45-4 does not support Nessan's argument. South Dakota Codified Law 43-45-4 allows a debtor such as Nessan to exempt personal property not to exceed the value of $4,000 if he is not head of the family or $6,000 if he is head of the family. Thus, under § 43-45-4, a debtor claims exemptions according to the dollar value of the property rather than an exemption of an entire item. By contrast, other exemptions under South Dakota law list a specific type of property and allow a debtor to retain that property in its entirety, regardless of the property's value. See SDCL § 43-45-2(1) (family pictures); SDCL § 43-45-2(2) (a pew or other sitting in any house of worship); SDCL § 43-45-2(3) (a lot or lots in any burial ground); SDCL § 43-45-2(5) (all wearing apparel and clothing of the debtor and his family). Here, Nessan exempted $1.00 in value from the pickup, $1.00 in value from the boat, motor, and trailer, and $1.00 in value from the AIG claim. By doing so, Nessan effectively removed $3.00 in value, rather than the specific items themselves, from the bankruptcy estate. This view of South Dakota law has long been applied in bankruptcy cases in the District of South Dakota. See In re Benedict, No. 08-30008, 2009 WL 212411, at *2 n.6 (Bankr. D.S.D. Jan. 23, 2009); In re Ludwig, No. 01-40473 (Bankr. D.S.D. 2001); see also Soost v. NAH, Inc. (In re Soost), 262 B.R. 68, 73-74 (B.A.P. 8th Cir. 2001) ("[T]he debtor's $1.00 exemption effectively exempted an interest in the subject [property] equal to $1.00 in value, nothing more.").

5

Furthermore, by exempting only $1.00 of the value of the items, Nessan's schedules "did not fairly disclose an intent to exempt" the items in their entirety. Soost, 262 B.R. at 73 (citing Hyman v. Plotkin (In re Hyman), 967 F.2d 1316, 1319 (9th Cir. 1992)). The right to claim an exemption is a privilege, and the burden is on the debtor to declare an item of property exempt. Layton v. Chase, 144 N.W.2d 561, 564 (S.D. 1966).

Nessan argues that because South Dakota has "opted out" of the federal exemption provisions, other aspects of the federal bankruptcy code cannot be applied to his case. Specifically, he argues that 11 U.S.C. § 363(f) cannot govern the administration of his bankruptcy estate. Doc. 16 at 7. Section 363 describes the rights and powers of the trustee in regard to the use, sale, or lease of property of the bankruptcy estate. 11 U.S.C. § 363(f) states:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if–
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Id.

South Dakota's substitution of its own exemption laws does not preclude the rest of the bankruptcy code from applying to cases in South Dakota. The South Dakota bankruptcy court applies other provisions of the federal bankruptcy code in making determinations about a bankruptcy estate.

The argument Nessan makes was addressed and rejected in In re Hughes, 244 B.R. 805, 813 (Bankr. D.S.D.,1999). The Court in In re Hughes reasoned "[o]nce the property of the estate has been determined and the exempt property has been removed, the trustee must liquidate the estate property to pay creditors. If the bankruptcy estate and another entity both hold an interest in some estate property, the trustee may seek court approval to sell the property if one of several circumstances exist." Id. at 813 (citing 11 U.S.C. § 704(1) and 11 U.S.C. § 363(f)). Though the debtors in In re Hughes argued that only state law should be applied in determining whether the trustee could sell their homestead, the court disagreed. "Thus, it is §§ 363(f) and 704(1) of the Bankruptcy Code, not S.D.C.L. ch. 21–19 alone, that allow the Trustee to sell the homestead." Id. at 814. The court further reasoned that § 363(f) would apply in the sale of other exempt property, not just a homestead. "[Section 363(f)] allows the Court to authorize the trustee to sell *any* property in which both the bankruptcy estate and another entity hold an interest. For example, if a debtor could claim only $3,000 of an $8,000 boat exempt under S.D.C.L. § 43-45-4, the trustee would seek court approval to sell the boat under 11 U.S.C. § 363(f) to realize the $5,000 equity for the bankruptcy estate. The trustee's sale of the boat, if approved, would be a product of federal bankruptcy law, not solely the product of any underlying non bankruptcy law incorporated by § 363(f)." Id. This Court agrees with the reasoning in In re Hughes.

Here, the bankruptcy court authorized trustee Lovald to retain and sell the property at issue provided that Lovald compensate Nessan for his interest in the item, satisfying the requirements of 11 U.S.C. § 363(f). Lovald did so. The bankruptcy court did not err in ordering turnover and in its rulings in that regard.

**IV. CONCLUSION**

7

For the reasons stated above, it is hereby

ORDERED that the bankruptcy court's decision ordering Nessan to turn over the 2002 Chevrolet pickup, the 2000 Triton boat, the 175 horse mercury motor, the Triton trailer, and the AIG claim is affirmed.  It is further

ORDERED that the Motion to Stay Pending Appeal (Doc. 5) is denied.

Dated March _16th_, 2012.

                                      BY THE COURT:

                                      ROBERTO A. LANGE
                                      UNITED STATES DISTRICT JUDGE

8